## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| ROBERT L. BASKIN, ) | |
| ) | |
| vs. ) | No. IP 05-CR-007-B/L |
| ) | 1:07-cv-105-SEB-JMS |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |

**Entry Discussing Motion for Relief Pursuant to 28 U.S.C. § 2255**

Having considered the pleadings and the expanded record, and being duly advised, the court finds that the motion of Robert Baskin ("Baskin") for relief pursuant to 28 U.S.C. § 2255 must be denied. This conclusion rests on the following facts and circumstances:

1.      Baskin pleaded guilty to possession of a firearm by a felon. His challenge to a search warrant of his house was rejected by this court and also on appeal. *See United States v. Baskin,* 152 Fed.Appx. 568 (7th Cir. May 30, 2006). He now seeks relief pursuant to 28 U.S.C. § 2255. The parameters of relief pursuant to § 2255 were reviewed in *Young v. United States,* 124 F.3d 794, 796 (7th Cir. 1997):

> Section 2255 is not a way to advance arguments that could have been presented earlier--especially not when the arguments rest entirely on a statute. *See Reed v. Farley,* 512 U.S. 339, 114 S. Ct. 2291, 129 L.Ed.2d 277 (1994). Although sec.2255 para.1 permits a collateral attack on the ground that "the sentence was imposed in violation of the Constitution or laws of the United States," only a small portion of statutory claims demonstrate that the sentence or conviction is itself a violation of law. The error must be so fundamental that a "complete miscarriage of justice" has occurred. *Reed,* 512 U.S. at 348, quoting from *Hill v. United States,* 368 U.S. 424, 428, 82 S. Ct. 468, 7 L.Ed.2d 417 (1962). Other "non-constitutional errors which could have been raised on appeal but were not, are barred on collateral review--regardless of cause and prejudice." *Bontkowski v. United States,* 850 F.2d 306, 313 (7th Cir. 1988).

Thus, relief pursuant to § 2255 is limited to an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice. *Borre v. United States,* 940 F.2d 215, 217 (7th Cir. 1991).

2. Baskin's claim in this action is that he was denied the effective assistance of counsel at sentencing.

a. "To establish ineffective assistance of counsel, the defendant must show that counsel's performance was deficient and that the deficient performance prejudiced the defense." *Almonacid v. United States,* 476 F.3d 518, 521 (7th Cir. 2007)(citing *Strickland v. Washington,* 466 U.S. 668, 687 (1984)).

b. The first prong is satisfied by a showing that counsel's performance fell below the "objective standard of reasonableness" guaranteed under the Sixth Amendment. *Barker v. United States,* 7 F.3d 629, 633 (7th Cir. 1993) (quoting *Strickland,* 466 U.S. at 688). The Supreme Court has recently "declined to articulate specific guidelines for appropriate attorney conduct and instead [ ] emphasized that '[t]he proper measure of attorney performance remains simply reasonableness under prevailing professional norms.'" *Wiggins v. Smith,* 539 U.S. 510, 521 (2003) (quoting *Strickland,* 466 U.S. at 688). In evaluating whether counsel's performance was deficient, "the court must defer to counsel's tactical decisions," avoid "the distorting effects of hindsight" and give counsel the benefit of a strong presumption of reasonableness. *Strickland*, 466 U.S. at 689; *Holman v. Gilmore,* 126 F.3d 876, 881-82 (7th Cir. 1997).

c. The prejudice prong of the *Strickland* test requires showing "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694; *see also Bell v. Cone,* 535 U.S. 685, 697-98 (2002). It is not enough for a petitioner to show that "the errors had some conceivable effect on the outcome of the proceeding." *Strickland,* 466 U.S. at 693. A petitioner must specifically explain how the outcome at trial would have been different absent counsel's ineffective assistance. *Berkey v. United States,* 318 F.3d 768, 773 (7th Cir. 2003).

3. At sentencing, Baskin was found to have a guideline offense level of 25. He argues that he should have had an offense level of 21. The terms of his guilty plea prevent him from making this argument, though in any event the terms of his sentence show that he was not prejudiced when the court imposed a sentence below the bottom of a guideline range for an offense level of 25. Baskin also argues that his attorney was ineffective for failing to appeal the offense level of 25 which was assigned to him. Again, however, he had stipulated to this, he agreed not to challenge this through an appeal or otherwise, and he agreed that the offense level of 25 was correct. There is no showing even now that an objection to the offense level determination of 25 would have been sustained, and "[i]t is not deficient performance to fail to raise an argument with no real chance of success." *Hough v. Anderson,* 272 F.3d 878, 898 n.8 (7th Cir. 2001).

4. The record fully contradicts Baskin's claim that he was not adequately represented at sentencing. Baskin's concerns with the performance of his attorney do not satisfy the *Strickland* standard:

> We have observed in the past that criminal defendants frequently "demonize" their lawyers. "If we are to believe the briefs filed by appellate lawyers, the only reasons defendants are convicted is the bumbling of their predecessors. But lawyers are not miracle workers. Most convictions follow ineluctably from the defendants' illegal deeds."

*United States v. Farr,* 297 F.3d 651, 658 (7th Cir. 2002). The same is inescapably true as to Baskin's arguments that he was denied the effective assistance of counsel. There is no entitlement to relief as to this claim, based on either the performance prong or the equally important requirement that he suffered prejudice. "The test for ineffectiveness is not whether counsel could have done more; perfection is not required. Nor is the test whether the best criminal defense attorneys might have done more. Instead the test is . . . whether what [counsel] did was within the 'wide range of reasonable professional assistance.'" *Waters v. Thomas,* 46 F.3d 1506, 1518 (11th Cir. 1995) (en banc) (quoting *Strickland,* 466 U.S. at 689). It was explained in *Holman v. Gilmore,* 126 F.3d 876, 882 (7th Cir. 1997), that:

> [t]he question posed by *Strickland* [is] whether, taking all of the proceedings into account, counsel made "the adversarial testing process work in the particular case." [*Strickland,*] 466 U.S. at 690. Counsel must contest the prosecution's case and advance a good defense; if that role has been fulfilled, a writ of habeas corpus should not issue. *See Burris v. Parke,* 116 F.3d 256 (7th Cir. 1997).

Baskin's attorney fulfilled this role.

5. For the reasons explained above, Baskin is not entitled to relief in this action. He has failed to demonstrate a constitutional violation warranting collateral relief. Additionally, his request for an evidentiary hearing is **denied** because (1) such a hearing is proper when the habeas petition is accompanied by a detailed and specific affidavit showing that the petitioner has actual proof going beyond mere unsupported assertions, *Barry v. United States,* 528 F.2d 1094, 1101 (7th Cir.), *cert. denied,* 429 U.S. 826 (1976), and (2) the records and file in this action show conclusively that Baskin is not entitled to the relief he seeks. Accordingly, his motion for relief pursuant to § 2255 is denied, and this action must be dismissed with prejudice. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED**.

Date: 04/09/2007

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana